IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case Nos. 4:98-cr-70 |
| Raymond Falcon, | ) ) ) | |
| Defendant. | ) | **ORDER DISMISSING MOTION** |

_____

Before the Court is Defendant Raymond Falcon's motion to void judgment. The motion is filed pro se and pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure.

**I.   BACKGROUND**

Falcon was found guilty by a jury of one count of conspiracy to distribute a controlled substance, and two counts of money laundering on January 28, 2000. He was sentenced to 360 months imprisonment on March 31, 2000. An appeal was taken and the conviction affirmed on January 5, 2001. <u>United States v. Falcon</u>, 1 Fed. Appx. 555 (8th Cir. 2001). A section 2255 motion was filed December 17, 2001, and denied by this Court on May 28, 2002.[1] Falcon appealed. On October 31, 2002, the Eighth Circuit Court of Appeals issued an order denying Falcon a certificate of appealability.[2]

**II.   ANALYSIS**

The Eighth Circuit has instructed that when criminal defendants file Rule 60(b) motions following the dismissal of section 2255 motions the first action of the district court should be a brief inquiry into whether the motion is really a second or successive section 2255 motion. <u>Boyd</u>

---

[1] This motion pertained to convictions in both case number 4:98-cr-70 and case number 4:99-cr-70.

[2] This order appears in the docket of case number 4:99-cr-70.

v. United States, 304 F.3d 813, 814 (8th Cir. 2002).  If the Rule 60(b) motion is in actuality a successive section 2255 motion the district court may either dismiss the motion for failure to obtain a certificate of appealability (COA) or transfer the motion to the court of appeals. Id.  The reason for this is that inmates may not bypass the authorization requirements of section 2255 by invoking some other procedure. United States v. Williams, 170 Fed. Appx. 989 (8th Cir. 2006).  If a Rule 60(b) motion attacks the court's denial of the section 2255 motion on procedural rather than substantive grounds the Rule 60(b) motion should not be treated as a successive section 2255 motion. Id.

A Rule 60(b) motion is not a second chance to reargue substantive arguments rejected by the district court in the defendants section 2255 motion or raise new arguments which the motion did not address. Cf., Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005)(addressing the applicability of Rule 60(b) to habeas petitions under 28 U.S.C. § 2254).  Arguments raised which attack the underlying conviction or sentence are generally substantive in nature while arguments which attack the integrity or legitimacy of the habeas proceeding itself are procedural in nature. See Reid v. Angelone, 369 F.3d 363, 375 (4th Cir. 2004); Harris v. United States, 367 F.3d 74, 82 (2nd Cir. 2004).

In his current motion Falcon presents three claims:

1. Ineffective assistance of counsel failed to challenge the subject matter jurisdictional defects in proceedings' integrity.

2. Failure of government to produce notice of intent to seek enhanced penalties based on prior convictions.

3. Unconstitutionally applied judgment due to state prior charging instruments lacking subject matter jurisdiction and essential elements of offense charged.

All of these claims attack Falcon's underlying conviction. The first claim alleges ineffective assistance of trial counsel. The second and third claims attack the validity of the sentence which was imposed. These arguments were not raised in Falcon's section 2255 motion. The arguments do not call into question the Court's ruling on Falcon's section 2255 motion or the proceedings related thereto. The Court finds these arguments are substantive rather than procedural.

### III.   CONCLUSION

The purported Rule 60(b) motion is in reality a second or successive section 2255 motion. Accordingly, the motion is dismissed for failure to obtain a certificate of appealability from the Court of Appeals. 28 U.S.C. §§ 2255(h) & 2244(b)(3)(A).

**IT IS SO ORDERED.**

Dated this 16th day of April, 2008.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court